NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERTO MONDRAGON-GARCIA, AKA Andres Garcia Mondragon, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-72205 <br><br> Agency No. A092-652-773 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Alberto Mondragon-Garcia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's dispositive determination that Mondragon-Garcia failed to establish the harm he fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We do not reach Mondragon-Garcia's remaining contentions related to internal relocation. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach). Thus, his withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Mondragon-Garcia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (general

15-72205

ineffectiveness by the government to investigate and prevent crime is not evidence of acquiescence).

To the extent Mondragon-Garcia contends the immigration judge misstated or applied the incorrect CAT standard, we lack jurisdiction to review this unexhausted contention. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

This court was informed on September 17, 2018, (Docket Entry No. 41) that Mondragon-Garcia's attorney of record, Maziar Mafi, passed away. The Clerk will amend the docket to reflect that Mondragon-Garcia is proceeding pro se and will serve a copy of this disposition on Mondragon-Garcia at the address provided at Docket Entry No. 41.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**